# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JP MORGAN CHASE BANK, N.A.,**

    Appellant,

v.                              Civil Action No. 3:11-CV-26(L)
                                  (Consolidated with 3:11-CV-25 & 3:11-CV-27)
                                  **(BAILEY)**

                                  Bankruptcy Case Nos. 02-31227 & 03-00882
                                  Adv. Proc. No. 03-227

**LAURA K. MECHEM and**
**DARLENE G. MECHEM,**

    Appellees.

## MEMORANDUM OPINION REVERSING ORDERS OF THE BANKRUPTCY COURT

Pending before the Court are three consolidated appeals by EMC Mortgage Corporation ("EMC") challenging the February 4, 2010, and March 16, 2010, decisions of the United States Bankruptcy Court for the Northern District of West Virginia. In those decisions, the bankruptcy court ordered Laura K. Mechem (the "debtor") to file a new adversary proceeding against EMC. For the reasons that follow, the Court **REVERSES** the decisions of the bankruptcy court.

## BACKGROUND

According to the debtor, she entered into a loan contract on May 16, 2000, which gave EMC a security interest in residential property located in Morgan County, West Virginia. When recording the deed of trust, however, EMC erroneously described the land as Lot #5, instead of Lot #2.

1

After filing Chapter 13 bankruptcy, the debtor filed the underlying adversary proceeding on December 22, 2003, against EMC asking the bankruptcy court to "permit the removal of the lien/Deed of Trust now encumbering Lot #5 and permitting the same to be properly recorded as a lien against Lot #2 as agreed to by the parties under the terms of their original contract." ([Doc. 1-4] at ¶ 9). On March 5, 2004, and April 7, 2004, the debtor amended her adversary complaint by adding as defendants Security National, SN Funding Trust ("Security National") and CIT Group/Consumer Finance, Inc. ("CIT"), which she alleges hold deeds of trust on Lot #2. ([Doc. 1-6] at ¶ 7; [Doc. 1-8] at ¶¶ 9-10). CIT filed a cross-claim against EMC on September 13, 2004 [Doc. 1-12], which EMC answered on November 19, 2004 [Doc. 1-13]. However, after receiving no response to a January 7, 2005, Order to Show Cause [Doc. 1-14], the bankruptcy court dismissed the debtor's adversary proceeding for failure to prosecute on February 9, 2005 [Doc. 1-15].

On July 31, 2009, EMC moved the bankruptcy court for permission to foreclose on Lot #5. The debtor responded by moving to reopen her adversary proceeding against EMC [Doc. 1-17]. In support of her motion, the debtor argued that her previous inactivity in the case was a result of her inability to effect service on Security National. EMC and Security National filed written objections [Docs. 1-19 & 1-20]. After a hearing, the bankruptcy court denied the debtor's motion by Order entered February 4, 2010 [Doc. 1-21]. Instead, the bankruptcy court ordered the debtor to file a new adversary proceeding within 45 days.

On February 17, 2010, EMC filed this lead appeal challenging the bankruptcy court's order requiring the debtor to file a new adversary proceeding as "controven[ing] the previous adjudication on the merits of the claims asserted in the above-styled adversary proceeding by virtue of a certain dismissal order entered in the above-styled adversary

2

proceeding on February 9, 2005." ([Doc. 1-22] at 2).  On April 7, 2011, the Clerk of the Court docketed EMC's appeal in this Court, commencing the briefing schedule [Doc. 1]. EMC filed its brief on April 15, 2011 [Doc. 3], the debtor responded on May 11, 2011 [Doc. 6], and EMC replied on May 31, 2011 [Doc. 9].

On May 11, 2011, the debtor also moved to dismiss the appeals arguing that the orders appealed from are not final and leave is not warranted for an interlocutory appeal [Doc. 7].  On May 31, 2011, EMC responded that the orders appealed from are final, and even if not, leave is warranted for an interlocutory appeal [Doc. 10].

On May 27, 2011, the parties moved jointly to consolidate this lead appeal with ***EMC Mortgage Corporation v. Laura K. Mechem***, Civil Action No. 3:11-CV-25, and ***EMC Mortgage Corporation v. Darlene G. Mechem***, Civil Action No. 3:11-CV-27 (the "related appeals") [Doc. 8].  In the related appeals, EMC challenges the bankruptcy court's March 16, 2010, Order Denying Trustee's Motion to Dismiss [Doc. 1-7], which similarly directed the debtor and her mother, Darlene G. Mechem (who filed bankruptcy in 2003), to file an adversary proceeding "and join all parties necessary to resolve all outstanding issues regarding rights of creditors with interest in the [real] property which is the subject of the lift stay motion filed by EMC."  (Id. at 2).

On June 1, 2011, this Court consolidated the appeals, finding that they present a common question of law [Doc. 11].  Specifically, the three appeals commonly turn on whether the bankruptcy court erred by ordering the debtor to file a new adversary proceeding against EMC though the court had arguably adjudicated a previous, identical adversary proceeding on its merits.

3

On June 13, 2011, this Court ordered that JP Morgan Chase Bank, N.A. be substituted as the appellant in these consolidated appeals [Doc. 13].

**DISCUSSION**

I. **Applicable Standards**

   A. **Review of Judgment**

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, "the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ***Anderson v. Bessemer City***, 470 U.S. 564, 573 (1985) (quoting ***United States v. United States Gypsum Co.***, 333 U.S. 364, 395 (1948)). With respect to a bankruptcy court's conclusions of law, the appropriate standard of review is *de novo.* See ***In re Mitrano***, 409 B.R. 812, 815 (E.D. Va. 2009); ***In re Meredith***, 527 F.3d 372, 375 (4th Cir. 2008); ***Gilbert v. Scratch 'N Smell, Inc.***, 756 F.2d 320 (4th Cir. 1985). In cases where the issues present mixed questions of law and fact, the reviewing court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. See ***Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond***, 80 F.3d 895, 905 (4th Cir. 1996). Finally, decisions

4

committed to the discretion of the bankruptcy court are reviewed for abuse of discretion. See **In re Morris**, 385 B.R. 823, 828 (E.D. Va. 2008).

## B.    Involuntary Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure provides, in whole, that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

"A district court has the inherent power to dismiss *sua sponte* a case for lack of prosecution . . . ." **Calkins v. Pacel Corp.**, 602 F.Supp.2d 730, 735 (W.D. Va. 2009) (citing **Link v. Wabash R. Co.**, 370 U.S. 626, 631 (1962)). When a dismissal order fails to state that the dismissal is without prejudice, the dismissal "constitutes an adjudication on the merits and carries preclusive effect." **Bragg v. Flint Bd. of Educ.**, 570 F.3d 775, 777 (6th Cir. 2009).

## C.    Res Judicata

"Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit." **Laurel Sand & Gravel, Inc. v. Wilson**, 519 F.3d 156, 161 (4th Cir. 2008) (citing **Pueschel v. United States**, 369 F.3d 345, 355 (4th Cir. 2004)). In West Virginia, "before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for

5

resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." **Blake v. Charleston Area Med. Ctr., Inc.**, 201 W.Va. 469, 477, 498 S.E.2d 41, 49 (1997).

## II. <u>Analysis</u>

EMC's consolidated appeals and the debtor's motions to dismiss those appeals turn on a common question of law: whether the bankruptcy court's dismissal order constituted a final adjudication on the merits of the debtor's adversary proceeding against EMC. If so, EMC's appeals were properly taken from final orders denying relief from that dismissal order, and the bankruptcy court clearly erred by ordering the debtor to file a new adversary proceeding identical to the one dismissed. For the three reasons outlined below, this Court finds that the dismissal order constituted a final adjudication on the merits, which precludes the debtor from filing a second, identical proceeding.

First, a review of the record shows unequivocally that the bankruptcy court dismissed the debtor's adversary proceeding for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. On January 7, 2005, the court noted that "no action has been taken by any party since November 3, 2004." ([Doc. 1-14] at 1). Accordingly, the court gave notice "pursuant to the Federal Rules of Civil Procedure, LR Civ P 41.01 of the Local Rules of the U.S. District Court for the Northern District of West Virginia, and LR Bk P 7055-1 of the Local Rules of the U.S. Bankruptcy Court for the Northern District of West Virginia" that the debtor's adversary proceeding would be dismissed "unless good cause is shown for nondismissal within thirty (30) days . . .." (Id.).

6

On February 9, 2005, because the debtor "ha[d] neither shown any interest in pursuing th[e] matter nor filed a response to the show cause order," the court ordered that the debtor's adversary proceeding "be and the same is hereby **DISMISSED**." ([Doc. 1-15] at 1) (emphasis in original).

Second, as a matter of law, the bankruptcy court's silence on whether the debtor's adversary proceeding was dismissed with or without prejudice must be interpreted as an intention that the dismissal constitute a final adjudication on the merits. In so concluding, this Court's analysis begins and ends with the plain language of Rule 41(b):

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

In the instant case, the bankruptcy court did not otherwise specify the dismissal to be "without prejudice," and the debtor failed to move the court, pursuant to either Rule 59(e) or 60(b)(6), to specify that the judgment was "without prejudice." Moreover, there is no indication that the dismissal was "one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." As such, this Court must conclude that the bankruptcy court dismissed the debtor's adversary proceeding against EMC with prejudice.

Third, under principles of West Virginia claim preclusion, the new adversary proceeding ordered by the bankruptcy court is precluded by its previous dismissal order. As explained above, the dismissal order constitutes a final adjudication on the merits. Moreover, the new proceeding would again involve the debtor and EMC. Finally, the new proceeding, like the old, seeks to determine whether EMC holds a security interest in Lot #2 or Lot #5. In this case, therefore, the elements of claim preclusion are satisfied.

Accordingly, this Court concludes that the bankruptcy court clearly erred by ordering the debtor to file a new adversary proceeding after previously dismissing the same proceeding with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the bankruptcy court's decisions should be, and hereby are, **REVERSED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia.

**DATED**: June 22, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE