**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JP MORGAN CHASE BANK, N.A.,**

    Appellant,

v.                                         **Civil Action No. 3:11-CV-26(L)**
                                                **(Consolidated with 3:11-CV-25 & 3:11-CV-27)**
                                                **(BAILEY)**

                                                 Bankruptcy Case Nos. 02-31227 & 03-00882
                                                 Adv. Proc. No. 03-227

**LAURA K. MECHEM and**
**DARLENE G. MECHEM,**

    Appellees.

**ORDER DENYING APPELLEES' MOTION FOR REHEARING/RECONSIDERATION**

Currently pending before this Court is the appellees' Motion for Rehearing/Reconsideration [Doc. 15], filed July 6, 2011. The appellant responded on July 16, 2011 [Doc. 16]. The appellees filed no reply. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be **DENIED**.

**BACKGROUND**

According to Laura K. Mechem ("the debtor"), she entered into a loan contract on May 16, 2000, which gave EMC Mortgage Corporation ("EMC") a security interest in residential property located in Morgan County, West Virginia. When recording the deed of trust, however, EMC erroneously described the land as Lot #5, instead of Lot #2.

After filing Chapter 13 bankruptcy, the debtor filed the underlying adversary proceeding on December 22, 2003, against EMC asking the bankruptcy court to "permit the

1

removal of the lien/Deed of Trust now encumbering Lot #5 and permitting the same to be properly recorded as a lien against Lot #2 as agreed to by the parties under the terms of their original contract." ([Doc. 1-4] at ¶ 9). On March 5, 2004, and April 7, 2004, the debtor amended her adversary complaint by adding as defendants Security National, SN Funding Trust ("Security National") and CIT Group/Consumer Finance, Inc. ("CIT"), which she alleges hold deeds of trust on Lot #2. ([Doc. 1-6] at ¶ 7; [Doc. 1-8] at ¶¶ 9-10). CIT filed a cross-claim against EMC on September 13, 2004 [Doc. 1-12], which EMC answered on November 19, 2004 [Doc. 1-13]. However, after receiving no response to a January 7, 2005, Order to Show Cause [Doc. 1-14], the bankruptcy court dismissed the debtor's adversary proceeding for failure to prosecute on February 9, 2005 [Doc. 1-15].

On July 31, 2009, EMC moved the bankruptcy court for permission to foreclose on Lot #5. The debtor responded by moving to reopen her adversary proceeding against EMC [Doc. 1-17]. In support of her motion, the debtor argued that her previous inactivity in the case was a result of her inability to effect service on Security National. EMC and Security National filed written objections [Docs. 1-19 & 1-20]. After a hearing, the bankruptcy court denied the debtor's motion by Order entered February 4, 2010 [Doc. 1-21]. Instead, the bankruptcy court ordered the debtor to file a new adversary proceeding within 45 days.

On February 17, 2010, EMC filed this lead appeal challenging the bankruptcy court's order requiring the debtor to file a new adversary proceeding as "controven[ing] the previous adjudication on the merits of the claims asserted in the above-styled adversary proceeding by virtue of a certain dismissal order entered in the above-styled adversary proceeding on February 9, 2005." ([Doc. 1-22] at 2). On April 7, 2011, the Clerk of the Court docketed EMC's appeal in this Court, commencing the briefing schedule [Doc. 1].

EMC filed its brief on April 15, 2011 [Doc. 3], the debtor responded on May 11, 2011 [Doc. 6], and EMC replied on May 31, 2011 [Doc. 9].

On May 11, 2011, the debtor also moved to dismiss the appeals arguing that the orders appealed from are not final and leave is not warranted for an interlocutory appeal [Doc. 7]. On May 31, 2011, EMC responded that the orders appealed from are final, and even if not, leave is warranted for an interlocutory appeal [Doc. 10].

On May 27, 2011, the parties moved jointly to consolidate this lead appeal with ***EMC Mortgage Corporation v. Laura K. Mechem***, Civil Action No. 3:11-CV-25, and ***EMC Mortgage Corporation v. Darlene G. Mechem***, Civil Action No. 3:11-CV-27 (the "related appeals") [Doc. 8]. In the related appeals, EMC challenges the bankruptcy court's March 16, 2010, Order Denying Trustee's Motion to Dismiss [Doc. 1-7], which similarly directed the debtor and her mother, Darlene G. Mechem (who filed bankruptcy in 2003), to file an adversary proceeding "and join all parties necessary to resolve all outstanding issues regarding rights of creditors with interest in the [real] property which is the subject of the lift stay motion filed by EMC." (Id. at 2).

On June 1, 2011, this Court consolidated the appeals, finding that they present a common question of law [Doc. 11]. Specifically, the three appeals commonly turn on whether the bankruptcy court erred by ordering the debtor to file a new adversary proceeding against EMC though the court had arguably adjudicated a previous, identical adversary proceeding on its merits. On June 13, 2011, this Court ordered that JP Morgan Chase Bank, N.A. ("Chase") be substituted as the appellant in these consolidated appeals [Doc. 13].

On June 22, 2011, this Court reversed the Orders of the bankruptcy court,

3

concluding that "the bankruptcy court clearly erred by ordering the debtor to file a new adversary proceeding after previously dismissing the same proceeding with prejudice." ([Doc. 14] at 8). The Court provided three bases for its conclusion: (1) "a review of the record shows unequivocally that the bankruptcy court dismissed the debtor's adversary proceeding for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure;" (2) "as a matter of law, the bankruptcy court's silence on whether the debtor's adversary proceeding was dismissed with or without prejudice must be interpreted as an intention that the dismissal constitute a final adjudication on the merits;" and (3) "under principles of West Virginia claim preclusion, the new adversary proceeding ordered by the bankruptcy court is precluded by its previous dismissal order." (Id. at 6-7).

On July 6, 2011, the appellees filed the instant Motion for Rehearing/Reconsideration [Doc. 15]. The appellees contend that rehearing is warranted for two reasons. First, the appellees argue that "[EMC's] failure to raise the affirmative defense of res judicata in the [2006] District Court case acted as a waiver of those claims and the agreed dismissal of said claims without prejudice bars the Appellant from now asserting this defense." (Id. at 3). Second, the appellees argue that "[t]he Bankruptcy Order was not a final order which would vest jurisdiction with this Court unless the Appellant sought permission to appeal an interlocutory order." (Id.).

On July 22, 2011, the appellant filed its Response [Doc. 16], opposing the appellees' request for a rehearing. "First and foremost," the appellant argues, "there was no waiver because Laura K. Mechem . . . (the only plaintiff in the [2006] District Court Action) asserted no claim based upon the actions of [the appellant's predecessor, EMC,] in purportedly attaching the security interest to the wrong lot." (Id. at 2). Second, the

4

appellant argues that the appellees have presented "no new argument" on the issue of whether the dismissal order was final order.

## DISCUSSION

### I. Applicable Standard

"Rule 8015 provides that 'a motion for rehearing may be filed within 14 days after entry of the judgment of the district court.' Fed. R. Bankr. P. 8015. The Rule, however, 'is silent as to the standard for granting such motions.' **In re BuddyUSA, Inc.**, 2010 WL 15339720, at *1 (N.D.N.Y. April 19, 2010). The Advisory Committee Notes to Rule 8015 indicate that the rule was derived from Federal Rule of Appellate Procedure 40(a), which applies to petitions for appellate panels hearings. Fed. R. Bankr. P. 8015 advisory comm. Notes (stating that Rule 8015 'is an adaption of the first sentence of Rule 40(a) [Fed. R. App. P.]'). Thus, courts import the standard for granting motions for rehearing under Rule 40(a) to Rule 8015. *See e.g.,* **In re Fowler**, 394 F.3d 1208, 1214-15 (9th Cir. 2005); **McVay v. Otero**, 371 B.R. 190, 206-07 (W.D. Tex. 2007); **In re Carolina Tobacco Co.**, 2007 WL 927940, at *1 (D. Or. Mar. 26, 2007); **In re Salvador B.**, 2006 WL 3300770, at *1 (E.D. Cal. Nov. 14, 2006); **Frank v. Michigan**, 263 B.R. 538 (E.D. Mich. 2000); **In re Stoecker**, 179 B.R. 532, 540 (N.D. Ill. 1994); **Olsen v. United States**, 162 B.R. 831, 834 (D. Neb. 1993). Rule 40(a) states that petitions pursuant to the rule must 'state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended.' Fed. R. App. P. 40(a)(2)." **Rothrock v. Turner**, 435 B.R. 70, 77 (D. Me. 2010).

### II. Analysis

As stated above, the appellees present two arguments in support of a rehearing: (1)

5

the appellant waived the affirmative defense of *res judicata* when its predecessor, EMC, failed to raise the defense in a civil action removed to this Court in 2006; and (2) the bankruptcy court's dismissal order was not a final adjudication on the merits. The Court will consider each arguments, in turn.

### A. Waiver

First, the appellees argue that this Court overlooked or misapprehended the waiver effect of EMC's failure to raise *res judicata* as an affirmative defense to Laura Mechem's claims in a civil action removed to this Court in 2006. This Court disagrees.

Unlike the 2003 adversary complaint, the 2006 civil complaint contains no claim seeking to adjust the Deed of Trust encumbering Lot #5. In fact, although the Statement of Facts alleges that EMC erroneously listed Lot #5 as its security interest (see [Doc. 16-1] at ¶ 7), none of the eight (8) counts that follow rely upon or seek to remedy that allegedly erroneous listing. (See Id. at ¶¶ 13-58). Instead, as the opening paragraph of the complaint indicates, the 2006 action "ar[ose] out of the practice known as predatory lending, whereby the defendants solicit unsophisticated borrowers with equity in their homes and persuade them into unwise high-interest mortgage loans with excessive fees and charges." (Id. at ¶ 1).

Therefore, because no claims were asserted in the 2006 action which would require litigation of the issue of whether EMC placed the security interest on the wrong lot, EMC's failure to raise the *res judicata* effect of the bankruptcy court's order dismissing the 2003 adversary proceeding did not constitute a waiver of that defense so that this Court could not recognize the defense in the challenged Order. Accordingly, the appellees' waiver argument cannot support a rehearing pursuant to Rule 8015.

B.   **Final Adjudication on the Merits**

Next, the appellees attempt to reargue that the bankruptcy court's dismissal order was not a final adjudication on the merits. However, Rule 8015, like its civil counterpart Rule 59(e), should not be used to 'relitigate old matters . . .." 11 Charles Allen Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995). Accordingly, the appellees have failed to present any procedurally proper argument to support a rehearing pursuant to Rule 8015.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the appellees' Motion for Rehearing/Reconsideration **[Doc. 15]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia.

**DATED**: August 23, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE